Gilmore *vs.* Wright.

No. 36.—JOHN H. GILMORE, plaintiff in error, *vs.* WILLIAM J. WRIGHT, defendant.

[1.] The failure, by an appellant defendant, to submit evidence to the Jury in support of some good defence, is not, of itself, conclusive that his appeal was frivolous and intended for delay only.

Assumpsit, in Lee Superior Court. Tried before Judge ALLEN, March Term, 1856.

William J. Wright brought his action of assumpsit against John H. Gilmore, for the recovery of a debt due upon a promissory note.

Being called upon the appeal for trial, the defendant's Counsel moved a continuance on account of the absence of his client for Providential cause—representing to the Court that he was not as well prepared for trial in the absence of the defendant as if he were present. He proved by Doctor Sutton, defendant's family physician, " that two days before that, defendant was in such a delicate situation as, in his opinion, repose was necessary, and that he had advised him. to remain at home and not to move about or engage in exciting business." The Court over-ruled the motion on this showing, and ordered the cause to proceed. By the bill of exceptions, it appears that pleas of payment and set-off were, by agreement of Counsel, considered as filed. No particulars exhibited. Defendant offered no evidence.

The Judge charged the Jury, among other things, that " the only question for their determination was the amount of damages to be given for a frivolous appeal by the defendant; and that the Jury could range from one to twenty-five per cent. on the principal sum due. To which charge the defendant's Counsel also excepted.

The Jury found for the plaintiff, with *sixteen* per cent. damages.

R. Warren, for plaintiff in error.

Peasman & Kimbrough, *contra.*

*By the Court.*—Benning, J. delivering the opinion.

The showing for a continuance was hardly sufficient. It, has been usual in such cases, to require of the Attorney to, say, that he could not safely go to trial in the absence of his client. The Attorney's statement, that he is not as well prepared for trial as he would be if his client were present, is. hardly equivalent to this. We therefore leave the decision of the Court, as to the continuance, undisturbed.

We think, however, that the Court erred in its charge to the Jury. It will not do to assume that every appeal which goes to the Jury without evidence, is frivolous and intended for delay only. If a man, acting on the advice of his lawyer, that his defence is a good one, enters an appeal, the appeal is not frivolous or intended for delay only, although the Court, when its opinion comes to be taken, may strike out the defence. And yet, in such a case, no evidence gets to the Jury. So, a showing for a continuance may itself disclose matters making it apparent that the appeal was not frivolous or intended for delay only. An appeal has to be both to be a case for damages.

We think that on the question, whether an appeal is frivolous and intended for delay only or not, every thing connected with the case, including the conduct of the appellant and his Attorney, is matter proper for consideration. If we are right in this, it is not true that a failure on the part of an appellant to submit evidence to the Jury in support of some legal defence, is, of itself, conclusive to show his appeal frivolous and intended for delay only. But it was a failure to do this which the Court, in effect, told the Jury was conclusive to show the appeal, in this case, frivolous and intended for delay only.

We think, therefore, that in this charge the Court erred; and consequently, that there ought to be a new trial.