John L. McMillan, et al., plaintiffs in error, vs. Lawrence, Smith & Whilden, defendants in error.

25 189
86 13

[1.] It is in extreme cases only, that a jury should award twenty-five per cent., the maximum damages known to the law, for a frivolous appeal.

[2.] The amount of damages to be assessed, in each case, is a question for the jury alone, uninfluenced by the opinion of the Court, touching the matter.

[3.] In awarding damages, the jury need not be restricted to the particular facts of the case, but may look to the condition of the country, the price of property, the worth of money, &c., and then assess such a per cent. as may seem to them reasonable and just, under all the circumstances, provided they are satisfied, that the appeal was frivolous and intended for delay only.

Damages for frivolous appeal, from Heard county. Tried before Judge Hammond, August Term, 1857.

An action was brought on three promissory notes by Lawrence, Smith & Whilden, and a verdict and judgment rendered in their favor, against McMillan and Harvey, who entered an appeal.

When the case came on upon the appeal, the plaintiffs introduced in evidence the promissory notes, and closed. The defendants offered no evidence.

Counsel for the plaintiffs claimed damages against the defendant for a frivolous appeal to the extent of 25 per cent.

The Court made several charges to the jury, which were excepted to by the counsel for the defendants, which exceptions are set out below.

Defendant's counsel in writing, requested the Court to charge the jury:

1st. That the object of the statute allowing damages for frivolous appeals was to remunerate the party injured.

2d. That the jury must be satisfied that the appeal was intended for delay only, before they can find any damages at all.

3d. Any amount of damages less than 25 per cent., which the jury may think right and proper, will be legal.

4th. That the jury has the right, and may take into consideration the time which the appeal has been standing, in determining the amount of per cent. which they find as damages.

5th. That it is within the legal discretion of the jury to find as damages any amount, they may think sufficient to remunerate the party aggrieved, less than 25 per cent., but not more than 25 per cent.

6th. That the statute allowing damages for frivolous appeals, is in derogation of common law, and must be strictly construed.

The Court refused to charge as requested, and defendants excepted.

The jury found·for the plaintiff 25 per cent. damages, and defendants filed their bill of exceptions, assigning as error:

1st. That the Court erred in charging the jury that, if they believed that the appeal was for delay·only, and the appeal was without circumstances of mitigation or justification, that in the opinion of the Court they ought to give the highest amount of damages authorized by the statute.

2d. That the Court erred in charging the jury that they might find a less amount; that the amount of damages was discretionary, but if the appeal was for delay only, the defendant was entitled to damages.

3d. That the Court erred in charging the jury, that they had nothing to do with the time the plaintiff had been kept out of his money by the appeal, in making up the amoun of damages, only as a circumstance in mitigation of damages'; that their legal discretion went only to the amount of damages, if the appeal was for delay only.

4th. That the Court erred in refusing to charge the jury specially and particularly, on the several specifications which defendant's counsel asked the Court·in writing to charge, and

particularly the Court erred in refusing to charge and explain fully, what was a strict construction of the statute referred to in the last one of the specifications (above set forth,) when called upon to do so by defendant's counsel.

5th. That the Court erred in charging the jury a second time, that if this appeal was intended for delay only, and there were no circumstances of justification or mitigation that in the opinion of the Court the jury ought to allow the highest amount of damages authorized by statute.

SIMMES & ERSKINE; and BRICKELL, for plaintiff in error.

MABRY, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

The only question in this case is, whether the charge of the Court was right, as to the measure of damages, where the appeal is frivolous and intended for delay?

The jury were instructed amongst other things, "that if they should believe that the appeal in this case was made for delay only, and that there were no circumstances of mitigation or justification, in the opinion of the Court, they ought to find the highest amount of damages authorized by the statute."

In the first place, we hold that the Court has no right to express any opinion to the jury, as to the damages they should find in a particular case. It is purely a question for the jury under the law, free from any influence or control from the Court; and secondly, we are clear that the rule prescribed by the Court in this case was wrong. It amounts to this; that in *every* case, unless the appellant shows something to justify or mitigate the appeal, the jury are bound to find twenty-five per cent. damages, or the maximum assessment under the law.

Suppose, as in this case, no plea is filed, the defendant

confesses judgment at the trial Term; appeals at that Term, and submits to a final judgment six months thereafter; and concede if you please, that the appeal was frivolous and intended for delay only; and yet only twelve months intervenes between the docketing of the case and final judgment on the appeal. Will it do to hold, that the amount of damages must necessarily be the same in such a case, as one attended with great aggravation? As for instance, where sham or pretended defences are interposed, and all the continuances known to the practice of the Courts are exhausted? We are sure that our learned brother would be the last to maintain such a proposition. Suppose again, that the debt in one case be founded on an open account, not bearing interest, and the other on a note or liquidated demand, other things being equal, ought not the jury to find larger damages in the former case, than the latter? We have no doubt of it, because the loss of interest is one of the injuries suffered by the appeal.

Twenty-five per cent. in addition to the lawful interest, is an exorbitant penalty; and should never be imposed except in extreme cases. Ten is the per cent. allowed for frivolous appeals to this Court, and in assessing damages, the jury should not be restricted in the exercise of their discretion to the facts in proof. They may go out of the record; and take into consideration the condition of the country, the value of money and the price of property, and everything which goes to enhance the worth of money, and give their verdict accordingly, untrammeled by any opinion of the Court respecting the matter. The framers of the Act designedly intrusted its administration and application to the popular branch of the Court, the jury.

This law has stood on the statute book for near sixty years, and has served no doubt a salutary purpose in suppressing frivolous litigation.

The Court should simply charge the jury in the language of the Act itself. " Gentlemen of the jury, you have heard

the appeal. If it shall appear to you that it was frivolous and intended for delay only, then it is your duty to assess damages to the plaintiff, who is aggrieved by this delay, for such amount as may seem to you reasonable and just, not exceeding twenty-five per centum on the principal sum, which you shall find due."—*Cobb* 495.

What additional charge or charges, the Courts may be compelled to give, under that bill of abominations, that Judge-trap, commonly ycleped the New Trial Act, and very properly so called ; for under its stringent provisions, what case can fail of being sent back for a re-hearing? I repeat, what additional charges may be forced from the Courts, we cannot foresee. But let them keep the words of the Act steadily in view, and they may *possibly* escape the gins and snares set for them by the Act of 1854.

Judgment reversed