JOHN H. DENSON, plaintiff in error, vs. ANDREW J. MILLER, defendant in error.

| 33 275 |
| f111 88 |

1. Interrogatories, to be objectionable on account of being leading, must suggest the answer.
2. To entitle a security or endorser to the benefit of the provisions of an Act for his relief, etc., of December 26th, 1831, it is only necessary for him to notify the holder to sue the note. It is not necessary that he should, in addition, notify the holder that unless he did proceed to collect the note that he would claim the benefit of that Act.
3. When the note became due on the first day of June, and the witness testified that the notice was given in the spring, it was not error in the Court to charge the jury, that the witness might have been mistaken, but that it was for them to determine upon all the facts and testimony, whether the note was due at the time of the notice or not.
4. A new trial will not be granted when the verdict is supported by the evidence, and the case has been fairly submitted to the jury by the Court.

Complaint, in Baldwin Superior Court. Tried before Judge Harris, at August Term, 1861.

Plaintiff in error, who was also plaintiff in the Court below, brought his action at the May Term, 1860, of Baldwin Inferior Court, against the defendant to recover the amount due on the two following notes:

One day after date we, or either of us, promise to pay John D. Denson, or order, one hundred dollars, value received. Brunswick, April 1, 1858.

E. M. MOORE,
A. J. MILLER.

Sixty days after date we promise to pay John D. Denson, or order, two hundred dollars, value received.

E. M. MOORE,
A. J. MILLER.

Defendant plead that he was security only, and as such had given notice to plaintiff to bring suit, in accordance with the Act of 26th December, 1831, which plaintiff neglected to do within the time prescribed, and that defendant was in

consequence, discharged, from all liability. The case was taken to the Superior Court by appeal, and on the trial, defendant, in support of his plea, offered to read the answers of John B. Miller to interrogatories, to which plaintiff objected, on the ground that the questions were leading in their character. This objection had been written on the interrogatories at the time they were crossed by plaintiff's counsel. The Court overruled the objection, upon the ground that the objection must state how and in what manner the questions were leading. The answers were admitted in evidence, and plaintiff excepted. The following are the interrogatories and . answers:

2d. If you say you know the parties, state what you know in regard to John D. Denson holding two notes against the defendant, and state how you became acquainted with the fact that defendant was security on the two notes.

The witness answers, Denson told me that he held two notes of E. M. Moore for $300, on which defendant was security.

Defendant also read the answers of John Gardell to interrogatories as follows:

2d. I was present and heard a conversation between Denson and Miller. Miller told Denson to sue the parties immediately.

3d. I did hear Miller tell Denson to sue said notes.

### CROSS–INTERROGATORIES.

1st. The conversation was in Brunswick, Glynn county, Georgia, some time in the spring of 1858. It was. at Mr. Danjaux's house, and I think he was present. I. do not know whether these are the same notes. I understood the notes to amount to $300, but did not see them.

Plaintiff objected to the part of Gardell's answers relative to the notice given to sue the notes, on the grounds that it was no notice under the statute, being too vague and indefinite for that purpose, that a request to sue immediately was unauthorized by the statute, and should be withheld from the jury by the Court, (the proper judge of a legal notice,) unless

there was some accompanying testimony showing that it was intended to put the plaintiff on notice, that some benefit or relief was sought by reason of securityship, and in virtue of some particular law.

The Court overruled the objection, on the ground that the jury were the judges of the sufficiency of the notice, and plaintiff excepted.

Plaintiff, in rebuttal, read the answers of J. W. Shotwell, which proved that " Moore was hopelessly insolvent at the time of the contract ;" that " the credit was given to Miller, the plaintiff having refused to sell to Moore on credit ;" that defendant said that " Denson was to put the boat in good repair, and if he does not do it he would not pay him a cent." The answers also state that Miller, at the time of the trade, was accepted as satisfactory security on the note to be given, the name of John B. Miller having been offered and refused as such.

The testimony being closed, the Court charged the jury, among other things, " that it was proper to consider that human memory is falacious, and a witness in swearing as to the time of any occurrence, may honestly err as to a date or period. He may say spring when the season was really summer, or may say summer when the season was really winter, etc., and the jury must look to all the circumstances of the case in making up their opinion as to the time of notice." To this charge plaintiff excepted, as illustrative of a state of facts not existing in the case.

Plaintiff requested the Court to charge the jury, " that a simple request by the security on a note, duly given as to time, to the holder to sue the same, was too vague and uncertain to constitute legal notice under the statute, but that there must be some proof either in the words of the request, or otherwise, sufficient to put the holder on notice that the security was seeking to avail himself of his legal rights and exemptions as security, on failure of the holder to sue in time." The Court refused to give the charge requested, and plaintiff excepted. The jury found for defendant, and plaintiff moved for a new trial on the ruling, charges, and refusal

Denson *vs.* Miller.

to charge, herein excepted to, and on the additional grounds, that the verdict was contrary to law, the evidence, and the charge of the Court.   The motion for new trial was refused, and plaintiff assigns said refusal as error.

BRISCOE, for plaintiff in error.

McKINLEY, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The first objection urged in the argument was the decision of the Court below refusing to reject the answers of the witness, John B. Miller, to interrogatories sued out in the cause. The objection insisted on was that the interrogatories propounded to the witness were leading.

1. Interrogatories to be objectionable as leading, must suggest the answer to the witness.   The questions to which this objection has been made do not suggest the desired, or in fact any, answer, and are not, therefore, leading.

2. The defendant being only a security on the note sued upon, notified the plaintiff to sue the same.   The plaintiff objected to the sufficiency of this notice, under the Act for the relief of securities and indorsers, of 26th December, 1831, Cobb's Digest, 596, and claimed that it was necessary, to make such notice effectual, for the security to notify the holder of the note that he intended to avail himself of the benefit of that Act if suit was not brought, etc.   We agree with the Court below that this was not necessary—all the Act requires is, that the security notify the holder to bring suit, or to proceed to collect the same, which is in effect the same.   If this be done, and suit is not instituted within three months, the security is discharged from further liability on the note.

3. We can not see any error in the charge objected to.   The point of the objection was this: one of the notes was not due until and on 31st May—2d June.   The time when the notice to sue was given was in the spring of 1858.   Counsel insisted that this note was not, therefore, due at the time the notice was given, for when it matured the spring was past.

Denson *vs*. Miller.

In reply to this position the charge was appropriate, for it is very common for persons and witnesses, in speaking of past transactions occurring in June, to say that they occurred in the spring of the year, and indeed it is not very clear but that they speak accurately, for although the months of March, April and May are generally regarded as the spring of the year, yet there is high authority for saying that the spring continues until the summer solstice, or 21st day of June, and up to that time many, if not the majority of persons, speak of and regard the season as the spring of the year. Besides, the defendant had notified the plaintiff to sue the notes—if one of them was not then due, and in a condition to be sued, the plaintiff ought to have promptly said that the note was not due, and he could not in consequence sue immediately, and he would no doubt have done so if such had been the fact. Under the circumstances we think the Court very properly charged the jury that they " must look to all the circumstances of the case, in making up their opinion, as to the time of notice," thus fairly leaving the whole question to them.

The charge requested and refused, is disposed of in the second point.

4. The only other point in the case is, whether the Court erred in refusing the motion for a new trial, on the ground that the verdict was contrary to law, or the evidence, or without evidence. We think that there was no error in this refusal. The evidence disclosed that the defendant was not interested in the consideration of the note, that he was the security, that he gave notice to the plaintiff to sue the notes, and that suit was not brought until long after the three months was passed. He was, therefore, entitled to a verdict discharging him from liability on the note. The only question about which there was any doubt was, whether the notice was given after the large note was due. That question was properly left to the jury, and we think the weight of the evidence on this point was with the verdict.

Let the judgment be affirmed.