CLARK *et al. v.* FEE.

1. In a suit on an account, an interrogatory to the plaintiff requesting him to "examine this account and state whether the same is just, due, correct and unpaid," the account being exhibited, was allowable in the discretion of the trial court, over the objection that it was leading and intended to elicit a general answer that could be nothing more than a conclusion of law.
2. The evidence required the verdict.
3. The evidence being that the goods in question were ordered from the plaintiff by the defendants through a broker, purchased through the broker at a stated sum, received by the defendants upon an invoice furnished by the plaintiff, and sold by the defendants, a charge that if the goods were sold and delivered by the plaintiff to the defendants, and the charges therefor were reasonable and just, the jury should consider that the account has been established, and that the plaintiff is entitled to recover, was more favorable to the defendants than the evidence warranted.
4. An appeal is frivolous and intended for delay only when it is entirely without merit and entered merely to postpone the creditor in the collection of his debt.
5. This court, from the whole record, being forced to the conclusion that the case was brought here for delay only, 10 per cent. damages upon the principal sum recovered are assessed.
   October 8, 1890.

Evidence. Interrogatories. Verdict. Accounts. Appeals. Practice. Damages. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Fee sued A. B. Clark and A. B. Clark & Co. in a magistrate's court, on an account for ten barrels of apples at $5.25 a barrel. A judgment was rendered for plaintiff, and defendants appealed to the superior court. The evidence for plaintiff in that court, briefly stated, was as follows: Upon April 5, 1887, one Hill was engaged as a broker in buying and selling produce on commission in New York. Previous to that day he had sent out market quotations upon apples, but his quotations were always subject to the fluctuations of the market. Upon that day, he received a telegram from defendants; he visited the market and found apples variously priced at from $4 to $6 per barrel. Plaintiff showed him some at $5.25 per barrel, which were fine, hard, red stock, the best in the market. They were thoroughly examined by Hill before purchasing, and he considered them a good trade at the price named, and he was thoroughly familiar with the apple market, and he regarded them the best to ship to defendants. He bought at the lowest market price that day. The apples were assorted by plaintiff before shipment or packing, and were shipped the same day in good order. They have not been paid for. Plaintiff only knew Hill as a broker. Both plaintiff and Hill testified that the account sued on was just, due, correct and unpaid. Before the beginning of the action, plaintiff's attorney called on defendants about the matter, and Clark admitted to him that he gave the order to Hill for the apples and received and sold them. He also showed the attorney a postal card from Hill showing the quotation of apples from $4 to $6, and complained that he expected them laid down at the lowest figure

quoted by Hill, and requested the attorney to wait until he could correspond with plaintiff and see if an adjustment could not be reached. This the attorney did, but the correspondence came to nothing. In the interview Clark said that, shortly after the order was given, the apples arrived with an invoice corresponding to the bill sued on ; that they were in bad condition and decaying, and to prevent their spoiling he sold them to the best advantage possible, realizing $37.50, and thereupon notified plaintiff of the condition of affairs and offered to send him the money. He also offered to pay the attorney at the time of the interview $37.50 in full, but the attorney would not accept it. When the case was tried in the justice's court, Clark was present and did not testify, though the attorney then testified substantially as above. Clark's principal objection to the apples was the price. The defendants offered no evidence.

The jury found for the plaintiff $52.50, with interest from April 5, 1887, to the date of the verdict, and further found that the appeal was frivolous and made for delay only; and a judgment was entered for the principal and interest found, twenty per cent. damages and costs of suit. The defendants moved for a new trial on the grounds stated in the opinion. To the overruling of this motion exceptions were taken.

Hooper Alexander, for plaintiffs in error.

E. A. Angier, by brief, contra.

Blandford, Justice.

A verdict having been rendered in the court below against the defendant, he moved the court for a new trial upon several grounds, which was refused by the court.

The first ground of error assigned is, that the court admitted in evidence the answer of Fee to a certain in-

terrogatory, the interrogatory being: "Examine this account" (the account being stated) "and state whether the same is just, due, correct and unpaid." The objection made was, that the interrogatory was leading, and intended to elicit a general answer that could be nothing more than a conclusion of law. We do not think there is anything in this ground. The account being exhibited to the witness, the question was allowable in the discretion of the trial court.

The second ground of the motion is almost identical with the first.

The third ground of the motion is, that the verdict is contrary to the evidence, and without evidence to support it. An examination of the testimony in the case shows, not only that the verdict was not without evidence to support it, but that the evidence was so strong as to require the verdict.

The fifth ground. of the motion complains of error because the court charged the jury: "If you believe from the evidence that the goods were sold and delivered by the plaintiff to the defendant, and the charges therefor are reasonable and just, you should consider that the account has been established, and that the plaintiff is entitled to recover." This charge was more favorable to the plaintiff in error than the evidence warranted, the evidence being that the goods were ordered from the defendant in error by the plaintiff in error through a broker, and were purchased through the broker at a stated sum; were received by the plaintiff in error upon an invoice furnished by the defendant in error, and the same were sold by the plaintiff in error.

It is further alleged that the court erred in charging the jury: "An appeal is frivolous and intended for delay only when the appeal is entirely without merit and entered merely to postpone the creditor in the collection of his debt." We think this is a correct state-

ment of the law as to a frivolous appeal.  See *Hartridge* v. *McDaniel*, 20 *Ga.* 398, 399 ; *Gilmore* v. *Wright*, 20 *Ga.* 198 ; *Garrison* v. *Wilcoxson*, 11 *Ga.* 157 ; *McMillan* v. *Lawrence*, 25 *Ga.* 192.

These embrace all the errors complained of in the motion for a new trial.  Looking at the whole record, this court is forced to the conclusion that the case was brought here for delay only.  The judgment of the court below is affirmed with ten per cent. damages assessed upon the principal sum recovered.

*Judgment affirmed.*