### FRANKS *v.* GRESS LUMBER COMPANY.

1. "No exception to a written interrogatory, on the ground that it is a leading question, shall prevail, unless it be filed with the interrogatories before the issuing of the commission."

2. Some of the answers to the interrogatories which were ruled out related to matters which were relevant, and some of the interrogatories which were properly objected to were not subject to the objection that they were leading.

Submitted May 23,—Decided June 6, 1900.

Complaint. Before Judge Smith. Wilcox superior court. September term, 1899.

*Bankston & Cannon*, for plaintiff.

COBB, J. Franks sued the Gress Lumber Company upon an account for goods sold and delivered, and at the trial a nonsuit was awarded. The case is here upon a bill of exceptions sued out by the plaintiff, in which he complains of certain rulings of the judge on the admissibility of testimony, and of the judgment granting a nonsuit. The plaintiff endeavored to make out his case by the testimony of himself and another witness, contained in answers to interrogatories. Numerous interrogatories were propounded to each witness, and the judge

refused to admit the answers to a number of them, for the reason that the interrogatories were leading. Some of the answers ruled out were to interrogatories to which no exception on the ground that they were leading had been taken prior to the trial, while the greater number were made the subject of exception in compliance with the rule of court which required that the exceptions should be filed with the interrogatories before the issuing of the commission. Common-Law Rule 37, Civil Code, § 5668. Some of the evidence which was ruled out was clearly relevant, and it therefore becomes necessary to determine whether the court committed error in characterizing the interrogatories as leading questions. A leading question has been defined to be one which directly suggests the answer expected. 1 Gr. Ev. (16th ed.) § 434. "A leading question is one which suggests to the witness the answer desired, or which, embodying a material fact, admits of a conclusive answer by a simple negative or affirmative." 3 Taylor, Ev. (9th ed.) § 1404. In *Denson* v. *Miller*, 33 *Ga.* 275, Judge Lyon says that "interrogatories, to be objectionable as leading, must suggest the answer to the witness." In *Travelers Insurance Company* v. *Sheppard*, 85 *Ga.* 751, it was held that interrogatories which assume material facts in controversy are manifestly objectionable as being leading. In the opinion Chief Justice Bleckley says: "This sort of assumption is one of the most pernicious forms in which the vice of leading questions can make its appearance, its tendency being to induce the witness to adopt the theory of facts propounded by the examiner, and shape his testimony in a way to lend support to that theory. Even an honest and well-meaning witness may sometimes be drawn by this device into coloring the letter, if not the spirit, of his evidence more highly than the exact truth, so far as his knowledge of it extends, would warrant. It is not lawful, as a general rule, to propound in chief 'questions which involve or assume the answer which the party desires the witness to make, or which suggest disputed facts as to which the witness is to testify.' 1 Whart Ev. § 499; Steph. Dig. Ev. art. 128." See also *Green* v. *State*, 43 *Ga.* 368; *Powell* v. *Railroad Company*, 77 *Ga.* 192; *Clark* v. *Fee*, 86 *Ga.* 9; *Chattanooga Railroad Company* v. *Huggins*, 89 *Ga.* 495, 501; *Atlanta Con. St. Ry. Co.* v.

*Beauchamp*, 93 *Ga.* 6, 9.   In *Ewing* v. *Moses*, 51 *Ga.* 419, Judge McCay said : "Unless a very great change is made in the mode of executing interrogatories, the rule against leading questions must be very liberally interpreted in such cases.   The party must ask all his questions at once.   He must base one upon the answer he expects to another, and the witness, who always has an opportunity of reading over the whole, can, if he desires, easily get the drift of the questions.   Why be so precise as to the form when this broad road is open in all cases?   This is one of the evils of the system, and can only be met by weighing all testimony thus taken with caution."

Applying these principles to those interrogatories in the present case the answers to which related to matters which were relevant to the issues on trial, we have reached the conclusion that at least some of them were not subject to the objection that they were leading.   It would not be profitable to embody herein all of the numerous interrogatories and answers which are contained in this record.   Upon another trial the presiding judge, by applying the rules above referred to and exercising that liberality in favor of allowing the evidence to be introduced which is indicated by Judge McCay in the case last cited, will, without difficulty, be able to determine what questions should be allowed and what should be ruled out.

*Judgment reversed.   All concurring, except Fish, J., absent.*