632

## 21203. SPOONER, executor, v. BUTLER.

DECIDED JANUARY 12, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*R. L. Cox, A. B. Conger,* for plaintiff in error.
*H. G. Rawls, J. T. Goree,* contra.

LUKE, J.   In a suit brought by Ida S. Butler against John I. Spooner, as executor of the will of J. F. Spooner, the plaintiff was awarded a verdict and judgment as compensation for services rendered in nursing and caring for her aged father, J. F. Spooner, with whom, under an express agreement with others of his family, she made her home.   The defendant's motion for a new trial having been denied, he excepted.

In support of the general grounds of the motion for a new trial it is urged: (a)   That the petition alleged and the evidence showed that the plaintiff in the trial court was the daughter of the deceased, and that the circumstances were not sufficient to take the case out of the general rule that where services are rendered by a person to another of near relationship, such services are presumed to be gratuitous; and (b) because under the laws of this State a husband is entitled to the services of his wife, and she can not, without the express consent and leave of her husband, maintain an independent suit for the recovery of services rendered by her to another.

While it is true that the plaintiff was a daughter of the defendant's intestate, it appears that the plaintiff's father, upon the death of his wife, was left to reside alone in his own home; that the plaintiff was at that time residing with her husband and family in her own home; that, after a conference with the other children,

an express understanding was reached, in pursuance of which the plaintiff, with her husband and family, removed to her father's home for the avowed purpose of caring for him in his old age; that as he advanced in years he became afflicted physically to such an extent that the care and nursing required for his condition became exceedingly difficult and onerous; and that this daughter alone, of his several children, carried the burden of administering to him, and rendered services which were not only valuable but, indeed, indispensable. In the circumstances here appearing we have no doubt that there arises the reasonable inference that such services were not to be regarded as gratuitous, but that an obligation to compensate for them arose by necessary implication. In our view, the evidence adduced upon the trial fully supports the verdict and judgment complained of. And inasmuch as it clearly appears from the record that the consent of the plaintiff's husband was obtained by her before her suit was instituted, there can be no merit in the contention that she could not maintain her action without such consent.

█ The first four grounds of the amendment to the motion for a new trial are addressed to rulings of the trial court upon objections to the admissibility of certain evidence. We refrain from discussing these assignments separately. It will suffice to say that it neither appears nor is it anywise claimed that any of these rulings harmed the movant.

█ The fifth ground complains of certain interrogations addressed to witnesses by the trial judge during the trial, as intimations or expressions of opinion by the court. But this ground furnishes no light as to what opinion is claimed to have been intimated or expressed, or as to the facts or evidence to which the alleged expression or intimation of opinion relates. It is very evident from the record that no such opinion was in fact intimated or expressed, and, as the trial judge himself declares, his only purpose in interrogating the witnesses was to elicit the truth. In any event, the ground is so indefinite and incomplete that it presents nothing for the consideration of this court.

█ The sixth and seventh grounds, criticizing certain portions of the court's charge to the jury, are without merit. In both these instances complained of the trial judge was merely stating the contentions of the parties; and in neither case, we are very sure, was the

jury misled, nor was the movant prejudiced. The charge of the court, taken as a whole, was full and fair, and the excerpts therefrom upon which error is assigned in the eighth and ninth special grounds of the motion for a new trial show no cause for a reversal of the judgment.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*