O'KELLY, administrator, *v.* FAULKNER.

92   521
104   361

92   521
109   316

92   521
e123   231

1. In order to authorize a recovery by a son against the estate of his deceased father for services in the nature of care and attention to the latter while old and infirm, it must affirmatively appear either that the services were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances

must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection which arose out of the relation existing between them. *Hudson* v. *Hudson*, 90 *Ga.* 581, 16 S. E. Rep. 342. Mere general expressions by the father, to the effect that the son had waited on him well, and that he wanted him to be well compensated for it, are not sufficient evidence of any contract, either express or implied, to pay for the services. Wood, Master & Servant (2d ed.), ?72, p. 117 *et seq.*

2. In the present case there was no evidence authorizing the jury to find that the father had made a contract to pay the son for his services, or that it was in the contemplation of the parties, at or before the time when the services were rendered, that any payment should be made for the same. Consequently the verdict was contrary to law and the evidence, and the court erred in refusing to grant a new trial.        *Judgment reversed.*

June 26, 1893.

Equitable petition. Before Judge McWhorter. Madison superior court. March term, 1892.

D. W. Meadow and Thomas & Strickland, for plaintiff in error. W. M. Howard and R. H. Kinnebrew, by J. H. Lumpkin, *contra.*

---

