HURST *et al.,* executors, *v.* LANE.

LUMPKIN, P. J. There being evidence to warrant a finding that the plaintiff below, in the capacity of a servant, rendered to her deceased uncle and to his wife services for which payment was contemplated, and that these services were not exclusively such as would be prompted by affection and a sense of duty, she was entitled to a recovery against his executors; and having, under the court's direction, written off a portion of the verdict returned in her favor, the same, as thus amended, was not excessive in amount. See *Murrell* v. *Studstill,* 104 *Ga.* 604.

> *Judgment affirmed. All the Justices concurring.*

Argued June 14, — Decided July 22, 1898.

Complaint. Before Judge Hutchins. Walton superior court. August term, 1897.

*W. S. Upshaw,* for plaintiffs in error.
*Foster & Butler,* contra.

---

CO-OPERATIVE MANUFACTURING COMPANY *v.* ANDREWS.

FISH, J. 1. Where by an order duly passed in term the movant in a motion for a new trial was given until a designated date in vacation within which to file a brief of evidence, there being no limitation in the order as to the time of approving such brief, and a brief was actually filed but not approved within the prescribed time, it was in the discretion of the judge to approve it afterwards or to refuse to do so, and it was error for him to hold that he had no such discretion. *Anderson.* v. *McLean & Co.,* 94 *Ga.* 798.

2. In such a case, it was competent for the judge, at the hearing of the motion, to allow the document thus filed to be amended, even though the amendment might consist in substituting therefor a more condensed statement of its material contents. - See *Lewis* v. *Equitable Mortgage Co.,* 94 *Ga.* 574; *Hood* v. *Culver,* 95 *Ga.* 120.

> *Judgment reversed. All the Justices concurring.*

Argued June 21, — Decided July 22, 1898.

Motion for new trial. Before Judge Beck. Monroe superior court. November 1, 1897.

*R. L. Maynard,* for plaintiff.
*J. S. Boynton* and *J. B. Williamson,* for defendant.