PHINAZEE, administrator, v. BUNN.

1. The evidence, taken in that light which was most favorable to the plaintiff, authorized a finding that, under all the circumstances proved, and considering the character of the services rendered by the adult daughter to her father during his last illness, she was not prompted solely by the natural duty owing by her to him, but that both parties contemplated that she should be compensated out of his estate after his death ; and the judgment refusing a second new trial will not be interfered with.
2. The interrogatories were not leading ; but so treating them, there was no abuse of discretion in allowing the answers to be read.

Argued May 17, — Decided June 14, 1905.

Complaint.    Before Judge Clark.    City court of Forsyth. October 28, 1904.

This was an action by an adult daughter against the administrator of her father's estate, to recover for services rendered her father in nursing and caring for him during his last illness, and in doing other work on his farm and in his house.    There was a verdict for the plaintiff, and a new trial was granted.    The next trial also resulted in a verdict for the plaintiff, and the defendant made a motion for a new trial on the grounds, that the verdict was without evidence to support it, and that the court allowed answers to certain interrogatories to be read, over an objection that the questions were leading.    The motion was overruled, and the defendant excepted.

· *Persons & Persons*, for plaintiff in error.

*J. R. Williams* and *Wightman Bowden*, contra.

COBB, J.  1.  Children being under a moral duty to nurse and care for their infirm parents, a promise to pay is not implied from the mere fact of service, as in case of strangers.    But the performance of such service is a sufficient consideration for an express promise to pay.    *Hudson* v. *Hudson*, 87 *Ga.* 678 ; *Butler* v. *Billups*, 101 *Ga.* 102 ; *Weaver* v. *Cosby*, 109 *Ga.* 310, 316. While a contract to pay will not be implied from the mere performance of the services, there are cases where the law will imply a contract by a parent to pay a child for services of the character above referred to.    In *Murrell* v. *Studstill*, 104 *Ga.* 60ᵖ, Mr. Justice Lewis said:  "This court has never decided that on account of relationship, however near, there can be no recovery for services rendered by one relative to another with-

out proof of an express contract." In *Hudson* v. *Hudson*, 90 *Ga.* 581, it was held that a recovery may be had if an express contract be shown, or if the "surrounding circumstances . . indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection arising out of this relation." This ruling was reaffirmed in *O'Kelley* v. *Faulkner*, 92 *Ga.* 522, though in that case the evidence was not sufficient to show that payment for the services was in the contemplation of both parties. See also *Weaver* v. *Cosby*, 109 *Ga.* 316; *Walker* v. *Brown*, 104 *Ga.* 361. In the cases of *Murrell* v. *Studstill*, 104 *Ga.* 604, and *Hurst* v. *Lane*, 105 *Ga.* 506, no express contract was shown, and it was held that the circumstances were such as to show that the parties contemplated that the plaintiffs (one a grandchild and the other a niece) should receive compensation for their services.

We hardly think the evidence in this case is sufficient to show an express contract. While some of the witnesses did say there was a contract between the plaintiff and her father, taking their testimony as a whole no express contract was shown. There was evidence that the plaintiff was thirty-five or forty years of age; that she nursed and cared for her father for a long period of time while he was stricken with paralysis, that she also hoed and plowed in the field for him during this time; that the father stated several times that he had given the plaintiff the "home place, or the money it would bring," for waiting on him; that he had stated this in the presence of the plaintiff; that he frequently said the plaintiff must have pay, as she had earned it, and the plaintiff would make no response to the statement; that the father was taken sick in the fall of 1897, but made the statement in the spring of 1898 about wanting the plaintiff to have pay, and that he died about February, 1899; that the services performed by the plaintiff were worth $30 per month, and extended over a period of seventeen months. We think the jury could find, from the evidence, that, considering all the circumstances, both the father and the daughter contemplated she should receive compensation for the services rendered; especially so in view of the character of the services rendered. See *Murrell* v. *Studstill*, supra. The judgment refusing to grant a second new trial will not be interfered with. Civil Code, § 4936.

2. An examination of the interrogatories objected to shows that they were not leading.    They did not suggest the answer expected.    *Franks* v. *Gress Lumber Co.*, 111 *Ga.* 87.    Besides, the allowance of leading questions is a matter within the discretion of the trial judge (*Ga. R. Co.* v. *Churchill*, 113 *Ga.* 14, and cit.), and his judgment will be reversed only where it is apparent that injustice has been done.    *City of Rome* v. *Stewart*, 116 *Ga.* 738 (2), 740.    Greater liberality should be allowed as to the form of interrogatories than in the case of ordinary questions to a witness when on the stand.    *Ewing* v. *Moses*, 51 *Ga.* 419.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*