HARRISON, administrator, *v.* HARRISON.

No error of law was complained of. While the evidence is not altogether satisfactory, still it has been the basis of two verdicts in favor of the plaintiff, and the second verdict has met with the approval of the trial judge; and as there is at least some slight evidence upon which

the finding may be supported, the judgment refusing to grant a second new trial will not be disturbed.

Argued June 11,—Decided August 14, 1907.

Complaint.    Before Judge Holden.    Hancock superior court. December 7, 1906.

*W. H. Burwell,* for plaintiff in error.    *R. H. Lewis,* contra.

Cobb, P. J.    Mrs. M. L. Harrison brought suit against N. D. Harrison, as administrator of Emma S. Harrison, on an account for services rendered the intestate of the defendant in caring for her for four years prior to the date of her death; the amount of the claim being $576. . The defendant filed an answer in which he denied all liability on the part of the estate.    The case was tried, and resulted in a verdict for the plaintiff for $480 principal and $50.40 interest.    A motion for a new trial was made by the defendant, which was granted, and this judgment was affirmed.    *Harrison* v. *Harrison,* 124 *Ga.* 733 (52 S. E. 813).    The case was tried a second time, and resulted in a verdict in favor of the plaintiff for $480 principal, and $114.80 interest.    The defendant filed a motion for a new trial, which the court overruled, and the defendant excepted.    The plaintiff was a sister-in-law of the intestate of the defendant, and they, with the other members of the family, lived together.    The deceased was afflicted and in feeble health, and required a great deal of attention from the other members of the household.    While the evidence is conflicting as to which member of the household rendered the greatest service to the deceased, in nursing and caring for her, there was evidence to sustain a finding that the plaintiff was considerate and attentive, and performed, from day to day, those irksome and necessary duties required in providing for the comfort and happiness of an afflicted person.    There was no evidence whatever of any express agreement between the plaintiff and the deceased that compensation should be paid for the services thus rendered; and the case therefore depends upon whether the circumstances were such that it would necessarily be inferred that it was in contemplation of each party that there should be compensation for the services. The evidence relating to this question is not altogether satisfactory; but when the character of the services rendered, and the time required each day for this service, are taken into consideration, the jury might infer that the service was of such an exacting charac-

ter that it was not rendered on the one hand, or received on the other, purely from motives of natural love and affection. In *Murrell* v. *Studstill,* 104 *Ga.* 604 (30 S. E. 750), the character of the service rendered is recognized as a proper subject for consideration in determining whether, under all of the circumstances, compensation was intended. This was more strikingly recognized in the case of *Phinazee* v. *Bunn,* 123 *Ga.* 230 (51 S. E. 300). In that case the services were rendered by a daughter to her father, but they were of the most exacting and irksome character. It is true that in that case there was also some evidence of a declaration by the father indicating his intention to compensate. While we are not altogether satisfied with the verdict as rendered, and we might not have rendered such verdict if we had been members of the jury, still, as there was some slight evidence to support the finding, and two verdicts have been rendered in the case, and the verdict now under consideration has met with the approval of the trial judge, we will not reverse his judgment refusing to grant a new trial. *Judgment affirmed. All the Justices concur.*