## 5543. WALL *v.* WALL.

1. The question as to which party is entitled to the opening and conclusion of the argument is to be determined by the contentions of the parties as presented in their pleas. That party is entitled to the opening and conclusion who, under the pleadings, is forced to sustain the affirmative in the final issue; and the opening and conclusion of the argument can not properly be awarded to the defendant, unless he has admitted such facts as would prima facie authorize a verdict in the plaintiff's favor without imposing upon the plaintiff the necessity of introducing proof of any kind. The admission must be unequivocal, and not merely inferential.

2. In determining whether the usual implication of a promise to pay for services accepted is rebutted by the fact of close relationship between the parties (from which arises a counter-presumption that the services were performed under the influence of duty or affection), each case must rest upon its peculiar facts. The proof of services and of relationship leaves the case in equipoise, from which the plaintiff must remove it, or fail. In determining what circumstances are sufficient to imply a promise to pay for services rendered, even in cases of the closest relationship, the nature of the services and the physical and financial condition of the parties should be taken into account; for mere relationship, no matter how near, will not of itself defeat recovery for services rendered by one related to another.

3. In charging the jury it is always the duty of the court to present fully and fairly, even when not requested, the law applicable to the contentions made by the parties; but, in the absence of an appropriate request for instructions, the failure of the court to direct the attention of the jury to the law applicable to isolated features of the evidence will not warrant a reversal, when the jury are correctly instructed as to the substantial and controlling issues in the case.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED SEPTEMBER 11, 1914.

Action for money had and received—appeal; from Fulton superior court—Judge Ellis.   January 23, 1914.

*A. C. Corbett, G. N. Bynum,* for plaintiff in error.

*Kelly & Foster,* contra.

RUSSELL, C. J.   1.   In the first assignment of error it is insisted that the trial judge erred in refusing to allow the defendant to open and conclude the argument.   Upon a consideration of the record, we are of the opinion that this complaint is without merit. The plaintiff sought to recover $100, alleged to have been deposited by her with her father, to be repaid as she might demand it. · The defendant's motion that he be awarded the opening and conclusion was made before the introduction of any evidence, and for that reason the merits of the motion could only be determined by the pleadings.   As pointed out in *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 774 (62 S. E. 533), that party is entitled to the opening and conclusion who is forced by the pleadings to sustain the affirmative in the final issue between the parties; and this is to be determined by the contentions of the parties as presented in their pleadings.   To have entitled the defendant in the present case to the opening and conclusion of the argument, he must have admitted such facts as would have authorized a verdict in the plaintiff's favor, without imposing upon the plaintiff the necessity of introducing proof of any kind.   *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (58 S. E. 222).   The only plea of the defendant was as follows:   "And now comes the defendant in the above-stated case and for plea says, that at the time the plaintiff commenced the above-stated action against the defendant, said plaintiff was and still is indebted to the defendant in the sum of $146.25, besides interest upon an open account, a copy of which is hereto attached and marked 'Exhibit A' and made a part of this plea; and defendant prays that said sum may be set off against plaintiff's demand, and that he may recover judgment over that the plaintiff sued on."   It is true that there is an implied admission involved in the nature and form of the plea, but there is no such affirmative admission of the defendant's indebtedness to the plaintiff as would have relieved the plaintiff from the necessity of proving her case, or would have prevented a nonsuit if she had failed to produce sufficient evidence herself to establish her claim.   The admission of a prima facie case which will entitle a defendant to so substantial a

benefit as the opening and conclusion of the argument is one which is unequivocal in its nature. A mere inferential admission will not suffice. It may be said that the plaintiff could have used the admission of the defendant himself as proof of the validity of her demand; but this would have required the introduction of the plea as evidence on her part, and the rule is well established that to entitle a defendant to the opening and conclusion, such a prima facie case must be admitted as will entitle the plaintiff to recover without the introduction of any testimony whatsoever.

The judge did not charge the jury that where one member of a family living together as one household renders services to another member of the family, no implication would arise, from the mere rendition and acceptance of the services, of a promise, on the part of the person accepting them, to pay for them what they are reasonably worth; and it is insisted that the failure to give this principle in charge "misled the jury and left them to believe or infer that there was an implied obligation on the part of the defendant to pay for services rendered by the plaintiff as a member of the defendant's family," and was especially prejudicial because the plaintiff's counsel, in his concluding argument to the jury, contended that there was an implied contract on the part of the defendant to pay the plaintiff for her services, and the defendant's counsel called the court's attention to this, and stated that it was not the law when applied to persons living as members of the same family, and yet the court, after replying that counsel could state to the jury his contention as to the law, but that the jury would take the law from the court, failed to direct the attention of the jury to the principle referred to by the defendant's counsel, and, on the contrary, charged merely that it was a question for them to determine whether the services the plaintiff rendered the defendant as housekeeper were worth what the defendant paid out for her and to her, and whether she would be allowed anything for her services.

It is true that the general rule, to the effect that when services are rendered and voluntarily accepted, the law implies a promise on the part of the recipient to pay for them, is subject to the exception and limitation that where services are rendered by one member of a family to another member living in the same household, no such implication would arise from the mere rendition and acceptance of

the services. Chancellor McGill, in Disbrow *v.* Durand, 54 N. J. L. 343 (24 Atl. 545, 33 Am. St. R. 678), states the reason for this exception as follows: "The household family relationship is presumed to abound in reciprocal acts of kindness and good will, which tend to the mutual comfort and convenience of the members of the family and are gratuitously performed; and where that relationship appears, the ordinary implication of a promise to pay for services does not arise, because the presumption which supports such implication is nullified by the presumption that between members of a household services are gratuitously rendered. The proof of the services, and as well of the family relation, leaves the case in equipoise, from which the plaintiff must remove it, or fail." If an appropriate request for instructions to this effect had been presented, we think it would have been error to refuse it; and while it is always the duty of the trial judge to present fully and fairly in his charge to the jury, even without request, the law applicable to the contentions of the parties, or, in other words, to give the jury the law of the case, still we do not think the omission in the present instance to call the attention of the jury to the principle of law to which we have referred was such error as requires another trial. The plaintiff sued her father for $100 of her money had and received by him. He contended that he had paid out on her account $146.25. Thirty-five dollars of this was in cash and the remainder was composed of sums paid for the services of physicians and for the nursing of the daughter in sickness. In rebuttal the daughter proved that for more than two years she did her father's housekeeping. At the time she came to her father's house she was 25 years old; when she left she was over 27. The case turned upon the construction to be given the testimony as to the daughter's services, to which no allusion was made in the suit as originally brought, or in the defendant's answer, or suggested by the statements of either. This evidence was an attack upon the defendant's answer. The judge fairly presented the case when he told the jury that it was for them to determine whether the daughter was entitled to any pay for her services, and, likewise, whether the value of these services, if she was to be compensated for them, equalled in amount the payments made by her father. The solution of the question submitted by the judge was the real crux of the case, and, while the attention of the jury

could well have been called to the fact that proof of the family relationship, as well as proof of the services, would leave the case in equipoise, and that it would then be incumbent on the plaintiff to disturb the equipoise by a preponderance of evidence in her favor, it is not generally error to omit specific instructions as to the burden of proof and the preponderance of the evidence, in the absence of a request for such instructions. The judge carried the jury down the right road without putting up sign-boards at every crossing. A verdict must be set aside when the court fails to cover the case substantially, whether the court's attention is called to the substantial issues or not, and whether there are any requests or not (*Central R. Co.* v. *Harris,* 76 *Ga.* 502; *Strickland* v. *State,* 98 *Ga.* 85, 25 S. E. 908; *Sledge* v. *State,* 99 *Ga.* 684, 26 S. E. 756); but it is not reversible error for the court to omit to direct the specific attention of the jury to isolated portions of the testimony which may bear with peculiar force in favor of one party rather than of the other. In cases where the implication of the promise to pay for services rendered may apparently be rebutted by the proof of near relationship, it is at last for the jury to say what circumstances are sufficient to support the usual implication of a promise to pay for the services, or to repel the counter inference that their performance was prompted by affection and that they were rendered without expectation of payment therefor. For this reason each case must be governed largely by its peculiar facts, and no general rule can be announced under which it can be invariably asserted that any definite degree of relationship will defeat the implication of a promise to pay for services. As was said by Evans, P. J., in *Howard* v. *Randolph,* 134 *Ga.* 695 (68 S. E. 588, 29 L. R. A. (N. S.) 294, 20 Ann. Cas. 392), "What circumstances might be sufficient to imply a promise to pay for services rendered would depend upon the special facts of the case, taking into account the nature of the services, the relationship of the parties, declarations made at the time, indicating the intent of the recipient to compensate for services rendered, and the like." In *Phinazee* v. *Bunn,* 123 *Ga.* 231 (51 S. E. 300), Cobb, J., cited approvingly from *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349), in which it was held that a recovery might be had regardless of relationship, if the "surrounding circumstances indicate that it was the intention of both parties that compensation should be made, and negative the idea that the serv-

ices were performed merely because of a natural sense of duty, love, and affection arising out of this relation." In *Murrell* v. *Studstill*, 104 *Ga.* 604 (30 S. E. 750), Justice Lewis said that in determining as to the liability for such services, great weight should be attached to the peculiar character and nature of the services rendered; that "this court has never decided that on account of relationship, however near, there can be no recovery for services rendered by one relative to another without proof of an express contract. If the services are of such a nature as to raise the presumption that they were rendered solely on account of affection growing out of near relationship, the law will not imply a contract. . . Each case involving this class of actions must be determined by its own circumstances." In the present case the evidence does not show how long the plaintiff had been living away from her father's house, but it does show that she was four years past her majority when she returned to become his housekeeper; and, from the fact that she had $100 of her own money which she turned over to him to keep for her, it may be inferred that she had been at work for her own support. There is no evidence that her presence at her father's house was required by those filial instincts which demand services at the hand of a daughter where the father is aged, sick, or feeble, or where his poverty forbids his hiring needed assistance. So far as the evidence discloses, the defendant's father was a stout, vigorous man, and his household at that time, as shown by evidence, consisted only of himself. It is to be inferred that the daughter cleaned the house, mended her father's clothes, and performed the usual domestic duties, which the jury were fully authorized to find were services of value, and of enough value to amount to about $6 per month. The record discloses also that the father was not without means; for he was able to keep a cook. Under the evidence in the record, it does not appear that the judge erred in refusing a new trial.

*Judgment affirmed. Roan, J., absent.*