### 10315. BARRETT v. ALLEN.

BROYLES, P. J. 1. Under the facts of the case the following charge was error: "The plaintiff can not recover in this case for services and board, unless it is shown that there was an agreement by which the defendant was to pay for them when she went to live with her son-in-law, Barrett [the plaintiff]. The law is that services rendered and board furnished by one near relative to another are presumed to be gratuitous, and the burden in such case is upon the plaintiff to show, by a preponderance of the evidence, that there was a contract between the parties by which such services and board were to be paid for by the party." *Murrell* v. *Studstill*, 104 *Ga.* 604, 606 (30 S. E. 750); *Wall* v. *Wall*, 15 *Ga. App.* 156 (82 S. E. 791), and cases there cited.

2. As there must be a new trial of the case on account of the error in the charge of the court, the question whether the verdict is supported by evidence is not passed upon.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*

DECIDED JUNE 13, 1919.

Complaint; from city court of Monroe—Judge Anderson presiding. January 7, 1919.

The suit was on an account for 15½ months board, and for expense of moving the defendant, laundry, etc. The defendant was the mother of the plaintiff's wife. He and his wife and daughter testified that when the defendant came to their home to board she agreed to pay whatever her board was worth, and said that she would not go there if not allowed to pay board. No amount was agreed upon. It was testified that she boarded at the plaintiff's house 15½ months, and that $20 a month, as charged in the account, was a reasonable charge for her board, and was the usual charge in the town in which they lived; that the plaintiff moved her to his house with his own teams and money, and the amount charged for this was reasonable. The defendant testified that she did not agree to pay any board, but did pay her daughter, the plaintiff's wife, $5 a month, and "that is all it is worth;" that she "did not agree to pay any more;" and that when she went to live with them she carried enough provisions and canned goods to last her two years. There was a credit of $65 cash on the account sued on, and the plaintiff testified that the defendant paid or gave this amount to his wife. The defendant and others testified that during a part of the period mentioned she did not stay at the plaintiff's house, but stayed with other children. The verdict was for the defendant.

*R. L. & H. C. Cox,* for plaintiff.

*O. Roberts,* for defendant.