### 16916.   GRUBBS *v.* HAMBY, administrator.

A recovery by the daughter against the estate of her deceased mother, foɪ services rendered the mother, would not have been authorized, under the evidence in this case, the evidence not being sufficient to authorize the jury to find that there was either an express or an implied contract to compensate the daughter for her services.   The grant of a nonsuit was proper.

DECIDED JANUARY 12, 1926.

Complaint; from Douglas superior court—Judge Irwin.   September 24, 1925.

*J. R. Hutcheson,* for plaintiff.

*J. S. Edwards, Astor Merritt,* for defendant.

BLOODWORTH, J.   "Ordinarily, where one renders in behalf of another valuable services which are accepted by the latter, the law

raises in favor of the former an implied promise to pay for the same, although no formal or express contract to pay has been made. Where, however, the parties sustain toward each other the relation of parent and child, and the services performed are in the nature of care and attention bestowed by a son upon an old and infirm father, no such presumption arises by operation of law. In order, therefore, to sustain a recovery by the son for such services, it must affirmatively appear, either that they were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection arising out of this relation." *Hudson* v. *Hudson,* 90 *Ga.* 581 (1) (16 S. E. 349). "In order to authorize a recovery by a son against the estate of his deceased father for services in the nature of care and attention to the latter while old and infirm, it must affirmatively appear either that the services were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection which arose out of the relation existing between them. *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349). Mere general expressions by the father, to the effect that the son had waited on him well, and that he wanted him to be well compensated for it, are not sufficient evidence of any contract either express or implied, to pay for the services." *O'Kelly* v. *Faulkner,* 92 *Ga.* 521 (1) (17 S. E. 847).

This was a suit by a daughter against the estate of her mother for services rendered the mother. Under the principles announced in the foregoing decisions, the evidence was not sufficient to authorize the jury to find either an express or an implied contract to compensate the plaintiff for her services. The court therefore properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*