20458. EDWARDS, administrator, *v.* SMITH.

BELL, J. 1. In order to sustain a recovery by a child against a parent for services in the nature of care and attention such as are usually bestowed because of a natural sense of duty and affection arising out of the relation, it must affirmatively appear that the services were performed under an express contract that the parent would pay for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made. *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349) ; *O'Kelly* v. *Faulkner,* 92 *Ga.* 521 (17 S. E. 847). But "in cases where the implication of the promise to pay for services rendered may apparently be rebutted by the proof of near relationship, it is at last for the jury to say what circumstances are sufficient to support the usual implication of a promise to pay for the services, or to repel the counter inference that their performance was prompted by affection and that they were rendered without expectation of payment therefor. For this reason each case must be governed largely by its peculiar facts, and no legal general rule can be announced under which it can be invariably asserted that any definite degree of relationship will defeat the implication of a promise to pay for services." *Wall* v. *Wall,* 15 *Ga. App.* 156 (2), 160 (82 S. E. 791). Thus, where services are rendered by an adult daughter as a common laborer in the house and field of her father through a period of years and during no condition of infirmity or disability on the part of the parent, and where the services have a value materially in excess of the support received from the father and thereby tend to enhance the

father's estate, the jury "could find, from the evidence, that, considering all the circumstances, both the father and the daughter contemplated she should receive compensation for the services rendered; especially so in view of the character of the services rendered." *Phinazee* v. *Bunn*, 123 *Ga.* 230, 231 (51 S. E. 300).

2. In the instant case the instructions to the jury were in accordance with the foregoing ruling, and were not erroneous as contended in the motion for a new trial.

3. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875. The witness who testified over objection as to the value of the plaintiff's services appeared to be competent. *Western & Atlantic Railroad* v. *Townsend*, 36 *Ga. App.* 70 (2) (135 S. E. 439).

4. "Though generally one party to a transaction can not testify to matters which occurred between him and the other party since deceased, yet he is competent to rebut testimony concerning transactions or conversations testified to by living witnesses introduced by the opposing party." *Wood* v. *Isom*, 68 *Ga.* 417 (5); *Padgett* v. *Gaddis*, 156 *Ga.* 385 (2) (119 S. E. 525). Applying this ruling, the court did not err in admitting the testimony the admission of which is complained of in special ground 2 of the motion for a new trial.

5. The verdict for the plaintiff was amply authorized by the evidence, and there was no merit in any of the grounds of the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1931.

*J. S. Edwards, M. J. Head,* for plaintiff in error.
*Walter Matthews,* contra.