29262. HUMPHRIES, administrator, *v.* MILLER.

DECIDED MARCH 17, 1942.

*W. P. Martin, C. H. Edwards,* for plaintiff in error.
*Wheeler & Kenyon, Charles J. Thurmond,* contra.

STEPHENS, P. J. Pledger Miller brought suit against H. H. Humphries, as administrator of the estate of Clem M. Adams, alleging in part that he was a nephew of the deceased, and by an express contract with the deceased looked after a store owned and operated by the deceased, for a specifically agreed remuneration, for all of which services the plaintiff had been paid; that in addition to the rendition of such services which had been paid for, the plaintiff rendered to the deceased, who for several years before his death had been paralyzed, helpless, and unable to walk or to get in and out of bed without assistance, services of a personal nature, such as nursing and looking after the deceased, administering to all his wants, washing his clothes and bed clothes, and in so doing performed services of a very disagreeable nature, which the plaintiff alleged were of the reasonable value of $2400. While there was alleged no express contract between the plaintiff and the deceased for payment for the alleged services, it was alleged that the deceased on a number of occasions expressed a willingness and intention to remunerate the plaintiff for such services, and to give the plaintiff certain property, which it does not appear the deceased ever did. The jury rendered a verdict for the plaintiff in the sum of $2400. The defendant's motion for new trial was overruled and he excepted.

1. While in cases between very near relatives, where one renders

personal services to another who is sick and helpless, such as nursing and personal care, there does not necessarily arise a presumption that the services are to be paid for, yet, in the absence of an express contract between the parties for the payment of such services, there may arise an implied contract by which the person to whom the services are rendered shall pay the other for the services, where from all the facts and circumstances it can reasonably be inferred that it is in the contemplation of the parties that the services are to be paid for. In determining that in the contemplation of the parties such services are to be paid for, the degree of relationship between the parties, the nature of the services, including the fact that their performance is very disagreeable and obnoxious to the person performing them, that they are such as to indicate the relation of master and servant, or employer and employee between the parties, and such that the person performing them would not naturally do so without compensation and would not perform them solely for love and affection, and statements made by the person to whom the services are rendered of appreciation of the services and an intention to pay therefor, although not necessarily communicated to the person rendering the services, and the fact that the person to whom the services are rendered is financially able to pay therefor, and other facts and circumstances concerning the performance of the services, may be considered as authorizing the inference that it is in the contemplation of the parties that the services are to be paid for. *Murrell* v. *Studstill,* 104 *Ga.* 604 (30 S. E. 750); *Wall* v. *Wall,* 15 *Ga. App.* 156 (2) (82 S. E. 791); *Westbrook* v. *Saylors,* 56 *Ga. App.* 587, 590 (193 S. E. 371); *Tatum* v. *Moss,* 58 *Ga. App.* 434 (198 S. E. 814).

Without narrating the evidence other than is indicated above, under the application of the above rule of law the evidence was sufficient to authorize the jury to find that the services were rendered by the plaintiff to the deceased, and that it was in the contemplation of the parties that the services were to be paid for, and from the evidence offered as to the value of the services the jury was authorized to find for the plaintiff in the sum of $2400.

■ The court, in the charge to the jury, fairly stated the contentions, and clearly stated to the jury that the suit was only for the personal services alleged to have been rendered by the plaintiff to the deceased, and did not involve the services of managing the

business of the deceased in the operation of the store, for which the plaintiff had been paid. It was not error prejudicial to the defendant where the court, after certain testimony which was offered by the plaintiff had been delivered before the jury, ruled the testimony out and instructed the jury to disregard it, on the ground that notwithstanding the instruction of the court the harmful effect of the testimony was not eliminated. There was no motion for a mistrial made by the defendant. There is no merit in this assignment of error. See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 720 (145 S. E. 486).

3. Except as hereinafter indicated, the court fairly to the defendant stated the contentions of the plaintiff and the law applicable to the issues made by the pleadings and the evidence, and the charge was not subject to the exceptions that it was argumentative, or contained an expression of opinion on the facts, or was otherwise erroneous.

4. After having instructed the jury as to what facts as appeared from the evidence would be sufficient to authorize a finding that it was within the contemplation of the parties that the services should be paid for, the court charged as follows: "I charge you, that in a meritorious case, and particularly where an uncle was afflicted and sick and where some particular nephew performed or rendered necessary services otherwise costing substantial sums of money, and who saved the uncle this expense, and if in this case enhanced the value of the uncle's estate, under such circumstances the jury is authorized to infer a legal intention between the parties that compensation should be paid for such services, and if you find such to be the facts in this case, then you would be authorized to find a verdict in favor of the plaintiff" an amount which the jury believed would be the reasonable value of the services. The statement by the court in this quoted portion of the charge, that "in a meritorious case, and particularly where an uncle was afflicted and sick and where some particular nephew performed or rendered necessary services," etc., a jury would be authorized to find for the plaintiff, amounted to an expression by the court, although no doubt unintentional, that the plaintiff's case was a meritorious one. If the case was "meritorious" the jury would necessarily conclude that the plaintiff was entitled to recover. This was an expression by the court to the effect that the plaintiff had a meritorious case and was

entitled to recover. This, being an expression of fact, requires the grant of a new trial. The Code, § 81-1104, known as the "dumb act," prevents the court from expressing an opinion on a fact in issue.

5. This quoted portion of the charge instructed the jury that they would be authorized to infer that it was in the contemplation of the parties that the nephew should be paid for the services rendered to his sick and afflicted uncle, where the services were necessary and would otherwise cost the uncle a substantial sum of money and the rendition of such services saved this expense and enhanced the value of the uncle's estate. The mere facts that services performed by a near relative were necessary to the person for whom the services were performed, and the performance of the services saved the sick relative a sum of money which otherwise he would have to pay some other person for performing, and that the performance of the services saved the uncle this expense and enhanced the value of his estate, in themselves were insufficient, without more, to authorize the finding that it was in the contemplation of the parties that the services were to be paid for. Any necessary services, such as nursing etc., performed for a sick person by a very near relative relieves the sick person of the necessity of otherwise hiring another person to perform the services, and may enhance the value of the sick person's estate to the extent of the value of the services. If such facts were sufficient to authorize a finding that it was in the contemplation of the parties that such services were to be paid for, the provision of the Code, § 3-107, that the presumption that where services are performed by one person for another and accepted by the latter, the services are to be paid for, "does not usually arise in cases between very near relatives," would be nullified and rendered meaningless. Such charge being an incorrect statement of the law was error, and demands the grant of a new trial. *Judgment reversed. Sutton and Felton, JJ., concur.*