33463. GUYTON, administrator, *v.* YOUNG.

DECIDED JUNE 16, 1951.

156

*Maddox & Maddox,* for plaintiff in error.

*Ingram & Tull,* contra.

MacIntyre, P. J. ■ In the brief filed in this court by counsel for the plaintiff it is stated that "on the date that the demurrers of . . [the defendant] were heard, the petition of the . . [plaintiff] was, by agreement, modified to show that the defendant, as administrator, was indebted to . . [the plaintiff] in the sum of $3,575 'on quantum meruit, the deceased having agreed during the last week of his life and at numerous times prior thereto to pay a reasonable sum for the value of said services.' The petition was also modified to show that L. T. Guyton had died on the 26th day of September, 1948,

and also modified to show that the only relationship existing between . . [the plaintiff] and L. T. Guyton was that 'the father of plaintiff was the first cousin of L. T. Guyton.' These modifications were made by interlineation on the original petition, which was done with the consent of counsel for . . [the defendant]. The petition, as it appears in the record in this court, contains "these modifications," and though these modifications do not appear as interlineations in the record here, the petition is in complete accord with the foregoing statement of counsel for the plaintiff. Thus the petition as we have it is not subject to the defendant's three special demurrers upon the grounds (1) that no contract or agreement is alleged or set forth as between Guyton, the deceased, and the plaintiff to pay for the services, (2) that it is not alleged or set forth whether the plaintiff is suing upon an express contract or upon a quantum meruit, and (3) that it is not alleged when the said L. T. Guyton died.

■ ■ The fact that the petition is filed in the name of *"Mrs."* Florence L. Young does not subject it to general demurrer as showing that the plaintiff's husband, as head of the house, was entitled to Mrs. Young's earnings in boarding and caring for the defendant's intestate. "The prefix 'Mrs.' is not a name but a mere title, and not being used exclusively by married women, raises no presumption in law that the person using it is married at the time. It includes widows and divorcees as well as married women. It indicates that the party using it is a woman who has been married, but leaves it doubtful whether she is married at the time or not. See *Wrightsville & Tennille Railroad Co.* v. *Vaughn,* 9 *Ga. App.* 371 (1, a) (71 S. E. 691)." *City of Camilla* v. *May,* 70 *Ga. App.* 136, 143 (27 S. E. 2d, 777).

■ The petition alleges that the defendant's intestate lived in her home and that she furnished him with his board, lodging, laundry, mending, and all of the other necessary and essential things for his welfare for a period of four years before his death, and that the deceased agreed during the last week of his life and at numerous times theretofore to pay the plaintiff a reasonable sum for such services, and that the plaintiff was not, or was any member of her family, related to the deceased except that the father of the plaintiff was a first cousin of the father of the deceased. It is also alleged that the plaintiff is suing upon

a quantum meruit. These allegations of the petition were sufficient, as against a general demurrer, to set forth a cause of action upon such theory. When services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient of such services to pay for them. It is not apparent from the allegations of the petition that such a family relationship existed between the plaintiff and the deceased as to raise the presumption that the services were rendered gratuitously such that the presumption would necessitate an express contract between the parties, and this being so, it was immaterial that the plaintiff alleged an express promise of the deceased, made a week before his death and numerous other times before his death, to pay the reasonable value of such service. In the absence of the family relation, this promise to pay the reasonable value of such services was nothing more than the law implied from the incipiency of the services. The allegation of the express promise by the deceased was merely by way of inducement. *Watts* v. *Rich,* 49 *Ga. App.* 334, 337 (3) (175 S. E. 417); *Moore* v. *Smith,* 121 *Ga.* 479 (49 S. E. 601); *Cooney* v. *Foote,* 15 *Ga. App.* 455 (5), 457 (83 S. E. 896); *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812); *Strahley* v. *Hendricks,* 40 *Ga. App.* 571 (150 S. E. 561); *Georgia, Fla. & Ala. R. Co.* v. *Purviance,* 42 *Ga. App.* 519 (156 S. E. 731); Code, § 3-107.

■ Special grounds 2, 3, 5, and 6 of the motion for a new trial were argued together by counsel for the defendant in the brief and will be considered here together as the same general principles of law are involved in all of these grounds. In these grounds error is assigned upon the following excerpts from the charge of the court: (Ground 2) "Now, gentlemen, further on the question of the husband being the head of the family in this State, the husband is entitled to the services of the wife in and about the home. I charge you in that connection, gentlemen, that the husband may by agreement, implied or express, waive his right to the earnings of his wife about the home." (Ground 3) "I charge you, gentlemen, that a husband may by agreement express or implied waive his right to the earnings of his wife in the home. Whether or not that happened in this case, gentlemen, is a question of fact for you to determine under the evi-

dence in this case, applying the rules of law which I have and will give you in charge." (Ground 5) "If you find that her husband did not either by express agreement or by implied agreement give her the right or waive his right to her earnings and thereby give her the right to claim and to sue for these services that she has alleged she rendered, then again you would find in favor of the defendant, gentlemen." (Ground 6) "On the other hand, if you find that these services were rendered, that the plaintiff was given the right by her husband to sue for these, that he told her, as she claims, that 'I am waiving right in effect, or this is your house, you can collect for this board, or whatever these services you are'; if you find that he told her that, either by express agreement or by implied agreement, that she could collect for those, then I charge you that if you find that she did render those services and under this evidence you will have to determine what those services were reasonably worth; that is for you to determine." The grounds of the error assigned upon these excerpts from the charge are that they contain an erroneous statement of the law in that there can be no implied waiver of the rights of the husband to the earnings of his wife in and about the home, and that there was no evidence adduced upon the trial of either an express or implied waiver on the part of the husband to such earnings of his wife. These excerpts charged in effect that the plaintiff's husband could either impliedly or expressly waive his rights to his wife's earnings, or in other words that he could either expressly or impliedly agree that the wife could have her own earnings. Such is the law of this State and the charges were not erroneous as abstract principles of law. *Leavell* v. *Leavell*, 67 *Ga. App.* 440 (20 S. E. 2d, 780); *Gresham* v. *Stewart*, 31 *Ga. App.* 25 (119 S. E. 445), and citations; *Redd & Co.* v. *Lathem & Sons*, 32 *Ga. App.* 214 (123 S. E. 175). There was evidence from which the jury could have inferred that the husband either expressly or impliedly consented that the wife should have her earnings and the giving of the charges complained of were adjusted to the evidence. These grounds of the assignments of error in these grounds of the motion for a new trial are not meritorious.

■ As to special ground 6 there is an additional ground of error assigned in that it is contended that when the court

charged: "if you find these services were rendered, that the plaintiff was given the right by her husband to sue for these, that he told her, as she claims, that *'I am waiving right in effect, or this is your house, you can collect this board, or whatever these services you are'*; if you find that he told her that, either by express agreement or by implied agreement, that she could collect for those, then I charge you that if you find that she did render those services and under this evidence you will have to determine what those services were reasonably worth; that is for you to determine," the court was purporting to quote a witness and there was no such testimony in the record as that which appears above in italics. While the language used is somewhat awkward, we think the jury understood that the court was attempting to illustrate the application of the abstract principle of law by a concrete situation and that the court was not purporting to quote any witness. We think the jury understood that the court meant that if *in effect* the husband had told his wife that he waived his right to her earnings that she might sue for them in the present suit. That ground of the assignment of error in special ground 6 of the motion for a new trial is not meritorious.

■ In special ground 4 error is assigned upon the following excerpt from the charge of the court: "Now, if you should find, gentlemen, in this case, that L. T. Guyton was accepted in that household as a member of the family and that everything that was done for him was done with the intent to be gratuitous and that he was considered a member of the household and for which [reason] he was not to be charged for any services rendered to him as alleged and claimed in the petition of the plaintiff in this case, if you find that it was gratuitous, then I charge you that you should return a verdict in favor of the defendant in this case," upon the grounds that the charge was an erroneous statement of the law, and "that the same placed a greater burden upon the defendant than that fixed by law, in that if the services rendered were done with an intent to be gratuitous there would be no liability upon the part of the defendant, and would be complete defense to the amount claimed, or if he was considered a member of the household and for that reason was not charged for any services rendered the same would be a complete defense

on the part of the defendant, and the plaintiff would not be entitled to recover in any amount, but the trial judge in the charge set forth put the same in the conjunctive and used the word 'and' thereby causing and leading the jury to believe that before there would be any defense upon these grounds that both of said elements must appear, when in law it was only necessary that one appear to release the defendant of any and all liability."

Just prior to the portion of the charge complained of in this ground, the court had charged the following: "Ordinarily, when one renders services or transfers property valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives. In that connection, gentlemen, I charge you this: It may be stated as a general rule that when services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them. There are exceptions to, and limitations upon this general rule; one of which is, that where services are rendered by members of a family, living in one household, no such implication will arise from the mere rendition and acceptance of the service. This exception is not confined to cases where the parties sustain the relation of parent and child, but is extended also to strangers who have been received into the family as members of the household. So, if you find that L. T. Guyton, the deceased, was received into the family of Mrs. Young as a member of the household, then the law would not imply a promise on the part of Guyton to pay for such services as might have been rendered. In determining the question as to whether any services rendered by the plaintiff to the deceased, Guyton, were gratuitously rendered, you may look to all of the facts and circumstances surrounding the case, taking into account the nature of the services, any services or work done by Guyton in and around the house, the period of time Guyton had remained in the home without the payment of board or services rendered, the relationship of the parties, and any and all other facts and circumstances which might throw light upon the question as to whether or not there was an implied promise to pay on the part of Guyton. I charge you that should you find that there is not suf-

ficient evidence before you to show an implied promise on the part of Guyton to pay or if you should find there was no intent on the part of the plaintiff to charge for the work done and services rendered, then it would be your duty to find in favor of the defendant."

In the normal course of human affairs where one person renders a service valuable to another which is accepted by the latter, he does so either under an express or implied promise of the recipient of such service to pay for the service, or the service is rendered gratuitously. Among members of a family group the services of one member in caring for another member are presumed to have been gratuitously rendered. Code, § 3-107. This presumption, however, may be rebutted by proof of an express promise on the part of the recipient of the services to pay for such services, or, at least where adults are concerned, by proof of an implied promise to pay for the services by taking into consideration in such latter case the nature of the services and the facts and circumstances under which the services were rendered. *Murrell* v. *Studstill,* 104 *Ga.* 604 (30 S. E. 750) ; *Howard* v. *Randolph,* 134 *Ga.* 691 (68 S. E. 586) ; *Westbrook* v. *Saylors,* 56 *Ga. App.* 587 (193 S. E. 371) ; *Tatum* v. *Moss,* 58 *Ga. App.* 434 (198 S. E. 814) ; *Humphries* v. *Miller,* 66 *Ga. App.* 871 (19 S. E. 2d, 321). In the absence of an express agreement, the key to the determination of the question whether one rendering services valuable to another is to be compensated therefor, is whether or not the services were gratuitously rendered, either by virtue of the presumption arising from the family relationship, or as a matter of fact.. In the light of the portion of the charge which preceded the portion complained of and what has just been said, we think the total effect of the court's charge was to instruct the jury that if they found the services were gratuitously rendered the jury should find for the defendant and is not subject to the criticism that it placed upon the defendant an undue burden for even though the jury should have found that the deceased was a member of the family, still under the law they could have found that the services were impliedly not intended to be gratuitous and that such was the understanding of both the plaintiff and the deceased. See *Tatum* v. *Moss,* supra, wherein it is said: "It is only in the plainest cases that the

court may say that because of the relationship existing between the parties the inference is demanded that the services were graituitous." This ground of the motion for a new trial was not meritorious.

■ Whether or not the admission of the evidence objected to in special ground 1 of the motion for a new trial was erroneous, and we intimate no opinion upon that score, its admission was harmless as there was other evidence introduced in the case of identical effect which was unobjected to.

■ The evidence was sufficient to authorize the jury to find that the plaintiff's husband had consented, either expressly or impliedly, that the plaintiff might have her earnings in boarding, nursing, and caring for the deceased during his lifetime while he was in her home, that no such family relationship existed between the plaintiff and the deceased such as to raise the presumption that her services were rendered gratuitously, that there was no intent on the plaintiff's part to render the services gratuitously, that the deceased accepted the services intending that the plaintiff should be paid therefor, and that the plaintiff was entitled to the reasonable value of such services. It follows that the verdict was not contrary to the evidence, nor to the law, nor without evidence to support it.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*