40978. MATHEWS et al. v. McCORKLE.

DECIDED FEBRUARY 26, 1965—REHEARING DENIED
MARCH 11, 1965.

*Foley, Chappell, Young, Hollis & Schloth, B. H. Chappell, H. Thad Crawley,* for plaintiffs in error.

*Dan S. Beeland, Garland T. Byrd,* contra.

BELL, Presiding Judge. ■ The trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict since the evidence as a whole was sufficient to have authorized a verdict for the plaintiff in some amount. In that status of the evidence it would have been erroneous for the trial court to have directed a verdict for the defendant. *Daniel v. Weeks,* 217 Ga. 388, 396 (1) (122 SE2d 564); *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 499 (1) (98 SE2d 185).

■ The trial court erred in overruling the defendant's motion for new trial on the general grounds. In her petition the plaintiff prayed for recovery in the amount of $7,200. The jury rendered its verdict for the full amount sued for. The evidence coupled with the pleadings clearly demanded a finding on the jury's part that the plaintiff, if entitled to recover anything, was not entitled to recover the full amount for which she sued.

In her bill of particulars showing the total amount of $7,200 for which she sued, the plaintiff alleged amounts owing to her by the estate for various services rendered to the deceased. On the trial the evidence disclosed that some of the services were rendered by the plaintiff's agents but that those agents in addition to serving the deceased performed other activities about the premises which were not related to services for the deceased. The proof showed the total remuneration paid the agents for all of their services. In many areas the evidence fell far short of proving either the value of the services actually rendered by the agents to the deceased or the percentage of the agents' total time used in waiting on the deceased from which reasonable inferences could be drawn by the jury of the value of the services rendered the deceased.

In addition the plaintiff included in her bill of particulars a claim for some services for which as a matter of law she was not

entitled to recover. Included in the bill are the following items: "1959. Night help, $75.00 per month $900.00"; "1958. Night help, $75.00 per month $900.00"; "1957. Night help, $75.00 per month $900.00"; "1956. Night help, $75.00 per month $900.00." These specific items are explained in the plaintiff's amendment to her petition in the following language "1. (g) There has been no payment for the night help, which was personal and kind loving care by Mrs. Mary C. McCorkle to Mrs. W. T. Cochran, every night through the long and still hours of the night, and no amount was paid but it is being sued for now." Mrs. Mary C. McCorkle is the plaintiff and Mrs. W. T. Cochran was her mother. Mrs. Cochran is now deceased and it is for services rendered her that Mrs. McCorkle sues.

In order to authorize a recovery by a child against the estate of her deceased mother for services in the nature of care and attention to the latter while old and infirm, it must affirmatively appear either that the services were rendered under an express contract that the child was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection which arose out of the relation existing between them. *O'Kelly v. Faulkner*, 92 Ga. 521 (17 SE 847); *Hudson v. Hudson*, 90 Ga. 581 (16 SE 349); *Murrell v. Studstill*, 104 Ga. 604 (1) (30 SE 750); *Phinazee v. Bunn*, 123 Ga. 230 (51 SE 300); *Tatum v. Moss*, 58 Ga. App. 434 (198 SE 814); *Edwards v. Smith*, 42 Ga. App. 730 (157 SE 348); *Wall v. Wall*, 15 Ga. App. 156 (82 SE 791).

Here, far from negativing the idea that the services were performed because of that natural sense of duty arising out of the family relationship, the allegata and probata show conclusively that the "night care" sued for arose entirely out of that natural sense of duty and from the love and affection which the daughter bore for her mother. No obligation to pay could have arisen out of services rendered in that relationship and no recovery could be had for them.

■ Special ground 4 of the motion for new trial objects to the following excerpt from the trial court's instructions to the jury: "When one person performs for another with the other's knowl-

edge a useful service of a character that is usually charged for and the latter expresses no dissent or avails himself of the service, a promise to pay the reasonable value of the service is implied.

"Whether the usual implication of a promise to pay for services accepted is rebutted by the fact of close relationship between the parties must rest upon the peculiar facts of the case. In determining what circumstances are sufficient to imply a promise to pay for services rendered in cases of close relationship, the nature of the services rendered and the physical and financial conditions of the parties should be taken into account."

Although the instruction given undoubtedly is subject to the criticism that it required a qualification such as the inclusion of words to the effect that the presumption does not usually arise in cases between very near relatives, nevertheless there plainly appears elsewhere in the charge this very qualification which was so distinctly and clearly stated that the jury could not have been misled as to the true law. *City Council of Augusta v. Tharpe,* 113 Ga. 152 (2) (38 SE 389); *McCommons &c. Co. v. White,* 33 Ga. App. 20 (2a) (125 SE 76); *Lovelace v. Reliable Garage,* 33 Ga. App. 289, 292 (2) (125 SE 877).

■ Special ground 5 of the motion for new trial fails to show error since it does not reveal that the refused written request to charge was presented before the jury retired to consider their verdict. *Code* § 81-1101; *Nickerson v. Porter,* 189 Ga. 671, 673 (2) (7 SE2d 231); *Ehrlich v. Mills,* 203 Ga. 600, 601 (2) (48 SE2d 107); *Woodruff v. State,* 204 Ga. 17, 18 (4) (48 SE2d 885); *Ogletree v. State,* 209 Ga. 413 (2) (73 SE2d 201); *Hooks v. State,* 215 Ga. 869, 871 (4) (114 SE2d 6).

■ The trial judge did not err in overruling the defendant's special demurrers.

The judgment of the trial court is reversed on the general grounds of the motion for new trial.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*