41788. COWSERT, Administrator v. NUNNALLY.

HALL, Judge. The defendant administrator appeals from a judgment for the plaintiff, one of the heirs at law of the deceased, on her claim against the estate. *Held:*

1. The plaintiff's claim, upon which the jury awarded her a verdict, rested upon an alleged agreement between the plaintiff and her deceased mother under which the plaintiff rendered personal services to her mother and the mother promised to compensate the plaintiff for the services. The deceased cannot now speak for herself, and neither can the plaintiff. *Code* § 38-1603 (1). But, as it usually happens in litigated cases, there was evidence that third persons, eligible to testify, heard the deceased commit herself to pay the plaintiff for her services.

Such evidence is easily fabricated and hard to disprove because the alleged promisor is always dead when the question arises. It is also the natural resort of unscrupulous persons who wish to despoil the estates of decedents. However, the law in this

State is that a claim by a child for services rendered to a deceased parent may be supported by evidence of facts and circumstances from which it affirmatively appears that both parties intended that compensation for the services should be made, and which negatives the idea that the services were performed merely because of that natural sense of duty, love and affection arising out of this relation. From such evidence a promise on the part of the party receiving the services to pay for them may be implied. *Phinazee v. Bunn,* 123 Ga. 230, 231 (51 SE 300).

Our courts applying this rule have repeatedly held that the circumstances in evidence presented a question for the jury to determine whether it was the intention of both parties that compensation be made, or on the contrary, that the services were performed for a deceased out of a sense of duty arising out of a family relationship. *Murrell v. Studstill,* 104 Ga. 604, 608 (30 SE 750); *Harrison v. Harrison,* 129 Ga. 284 (58 SE 831); *Phinazee v. Bunn,* supra; *Jackson v. Buice,* 132 Ga. 51, 53 (63 SE 823); *Howard v. Randolph,* 134 Ga. 691 (68 SE 586); *Wall v. Wall,* 15 Ga. App. 156, 161 (82 SE 791); *Dyer v. Beasley,* 31 Ga. App. 276 (120 SE 638); *Edwards v. Smith,* 42 Ga. App. 730 (157 SE 348); *Tatum v. Moss,* 58 Ga. App. 434 (198 SE 814); *Humphries v. Miller,* 66 Ga. App. 871 (19 SE2d 321); cf. *Hudson v. Hudson,* 90 Ga. 581 (16 SE 349). There have been a few decisions that the evidence before the trial court was insufficient to show an intention on the part of both parties that the services were performed and accepted with the intention of receiving and paying compensation. *O'Kelley v. Faulkner,* 92 Ga. 521 (17 SE 847); *Grubbs v. Hamby,* 34 Ga. App. 774 (131 SE 189); *McElroy v. Lambert,* 56 Ga. App. 127 (192 SE 258); *Matthews v. McCorkle,* 111 Ga. App. 310 (141 SE2d 597).

In the present case, as in the cases cited above where a recovery for services was held authorized, there was presented evidence of statements by the deceased expressing her intention to compensate the plaintiff for her services, evidence that the plaintiff's performance was with the expectation that she would be paid, evidence as to the nature and value of the services rendered, and of the physical and financial condition of the deceased and of the plaintiff. As observed by Justice Cobb in *Harrison v. Harrison,* supra, the evidence presented might not convince everyone that the verdict was true, but it

was sufficient in law to authorize the jury to award a verdict for the plaintiff.

2. The trial court did not err in admitting evidence over the defendant's objection, after substantially the same evidence had been admitted without objection. *Sarman v. Seaboard A. L. R. Co.,* 33 Ga. App. 315, 319 (125 SE 891); *Atlanta Laundries, Inc. v. Goldberg,* 71 Ga. App. 130, 136 (30 SE2d 349).

3. The authorities cited by the defendant do not support his contention that the trial court erred in withdrawing from the jury and failing to charge on his defense that the plaintiff was estopped from asserting her claim because she had accepted $500 as her share of a distribution of $4,500 made by the administrator to the heirs at law. See *Bennett v. Davis,* 201 Ga. 58, 63 (39 SE2d 3).

*Judgment affirmed. Nichols, P. J., concurs. Deen, J., concurs in the judgment.*

SUBMITTED FEBRUARY 8, 1966—DECIDED FEBRUARY 25, 1966.

*William L. Preston, Terrell W. Benton, Jr.,* for appellant.
*Thomas W. Ridgway,* for appellee.