44227.   JONES, Executor, et al. v. VAN VLECK.

ARGUED JANUARY 14, 1969—DECIDED JUNE 5, 1969—
REHEARING DENIED JUNE 17 AND JUNE 24, 1969.

*O. J. Tolnas, George T. Burpee,* for appellants.
*Fortson, Bentley & Griffin, Edwin Fortson, Herbert T. Hutto,* for appellee.

HALL, Judge.  1.  The controlling issue is whether the evidence supports the defendant's contention that the testator was obligated, by express or implied contract, to make compensation for sums which he advanced for her benefit.   The evidence showed that the defendant's wife was the testator's daughter and pre-deceased the testator, and that until she died she and/or the defendant and their two daughters lived in the house with the testator, and the testator performed services for their benefit in accordance with an agreement among the family members.  There was evidence that after the defendant's wife died the testator

represented to the defendant that his two daughters would inherit one-half of the house, and that this kept the defendant from moving; the defendant discussed with the testator that he would like to move and when he did so the testator stated that the daughters would inherit one-half of the property. The testator had purchased the house, and after the defendant's wife died and until the testator's death the defendant continued to live in the house and, as he or his wife had done before, to make the monthly payments of instalments on the loan against the property and utility bills, and gave the testator money weekly for household supplies.

It is settled by many decisions that generally it is a jury question whether the circumstances in evidence support a finding that it was the intention of both parties to an alleged obligation between relatives that compensation be made for services performed for a decedent. *Freeman v. Collier,* 204 Ga. 329 (50 SE2d 61) ; *Westbrook v. Saylors,* 56 Ga. App. 587 (193 SE 371) ; *Guyton v. Young,* 84 Ga. App. 155 (65 SE2d 858) ; *Cowsert v. Nunnally,* 113 Ga. App. 200, 201 (147 SE2d 680). The payment of expenses or obligations for the benefit of a decedent which enhance his estate should be governed by the same principle—that to allow the decedent or his estate the benefit of the sums so paid out would be an unjust enrichment. *Jennings v. Stewart,* 106 Ga. App. 689 (127 SE2d 842).

The evidence outlined above is sufficient to show that the defendant incurred a detriment by remaining in the household and continuing to furnish money for the testator's obligations and expenses in reliance on the testator's undertaking to make compensation. The trial court did not err in overruling the executor's motion for judgment notwithstanding the verdict and for a new trial.

2. The trial court did not err in overruling the executor's motion to strike the defendant's counterclaim on the ground that it failed to allege that the testator made an agreement to repay the defendant the sums claimed. The counterclaim stated a claim for relief as required by the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108). See *Hirsch's v. Adams,* 117 Ga. App. 847 (162 SE2d 243).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*