## 50535. FREEMAN v. PHILLIPS et al.

MARSHALL, Judge.

The plaintiff below, daughter of the testatrix, brought this action against her mother's estate, the defendants below, for the value of services she rendered to her mother prior to the latter's death. The evidence, as contained in the plaintiff's affidavit and deposition and that of the guardian of the testatrix shows that the plaintiff cared for her mother, who was unable to care for herself, for a period of twenty months at the plaintiff's house. No agreement was made between the mother and her daughter, but an agreement was made with the guardian of the mother to pay the plaintiff $100 per month, as "room and board." The plaintiff states in her

affidavit that her mother's care made great demands upon her and "necessitated constant attention 24 hours a day." She also states that she "was led to expect by the conduct and actions of members of my immediate family, that I would later receive payment for my extensive services rendered to my mother." Plaintiff also states that she was a registered practical nurse and, in her complaint, she prayed for the value of her "services and facilities" ($300 per month), over and above what she had received from the guardian as payment for room and board.

The defendant executrixes of the estate, appealed from a denial of their motion for summary judgment contending that, on these facts, it should be decided as a matter of law that the plaintiff performed these services out of a filial obligation rather than a contractual one. *Held:*

Code § 3-107 provides: "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." It is not necessary that the "near relative" prove an express contract in order to recover for services that ordinarily would be deemed gratuitous because of her relationship to the deceased. *Bleckley v. Bleckley,* 189 Ga. 47 (5) (5 SE2d 206). Nevertheless, "the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made." *Hudson v. Hudson,* 90 Ga. 581 (16 SE 349); *O'Kelly v. Faulkner,* 92 Ga. 521 (17 SE 847). "[I]n cases where the implication of the promise to pay for services rendered may apparently be rebutted by the proof of near relationship, it is at last [sic] *for the jury to say* what circumstances are sufficient to support the usual implication of a promise to pay for the services, or to repel the counter-inference that their performance was prompted by affection and that they were rendered without expectation of payment therefor. For this reason each case must be governed largely by its peculiar facts, and no general rule can be announced under which it can be invariably asserted that any definite degree of relationship will defeat the implication of a promise to pay

for services." (Emphasis supplied.) *Wall v. Wall,* 15 Ga. App. 156 (2), 160 (82 SE 791); *Edwards v. Smith,* 42 Ga. App. 730 (1) (157 SE 348). Even though there are a few decisions in Georgia wherein this question was decided as a matter of law (*Cooper v. Cooper,* 59 Ga. App. 832 (2 SE2d 145); *Grubbs v. Hamby,* 34 Ga. App. 774 (131 SE 189)), it appears from the great weight of decisions in Georgia that, where the facts do not plainly demand an inference that the services were gratuitous, the particular facts of each case should be submitted to the jury under proper instructions as to the law as herein set forth. See *Freeman v. Collier,* 204 Ga. 329 (2) (50 SE2d 61); *Hurst v. Lane,* 105 Ga. 506 (31 SE 135); *Mathews v. McCorkle,* 111 Ga. App. 310 (1) (141 SE2d 597); *Guyton v. Young,* 84 Ga. App. 155 (5) (65 SE2d 858); *Humphries v. Miller,* 66 Ga. App. 871 (1) (19 SE2d 321); *Tatum v. Moss,* 58 Ga. App. 434 (198 SE 814); *Westbrook v. Saylors,* 56 Ga. App. 587 (193 SE 371); *Brooks v. Sims,* 54 Ga. App. 71 (2) (187 SE 254); *Spooner v. Butler,* 44 Ga. App. 632 (1) (162 SE 633); *Edwards v. Smith,* 42 Ga. App. 730 (1), supra.

The facts in this case do not "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (CPA § 56 (Code Ann. § 81A-156 (c))), and the trial court did not err in denying the defendant's motion.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 16, 1975.

*Harold E. Martin,* for appellant.
*Charles Marchman, Jr., Denmark Groover, Jr.,* for appellees.