### 34381. SHERIFF *v.* WEIMER.

DECIDED APRIL 22, 1953.

W. George Thomas, for plaintiff in error.

Howard, Tiller & Howard, J. V. Malcolm, Jr., contra.

WORRILL, J. Dewey Sheriff sued Mildred Weimer on an open account. The petition as amended alleged: that, prior to January 2, 1951, he and the defendant were married and living together as man and wife; that on December 12, 1951, defendant was granted an annulment on the ground that the plaintiff had a living wife at the time of the said pretended marriage; that on various alleged dates beginning on November 30, 1950, the plaintiff paid various sums of money to various persons or firms on behalf of the. defendant, each at the instance of and on the request of the defendant, and on the defendant's promise to repay such sums; and that the defendant has failed and refused to repay such sums to the plaintiff. Each item thus claimed and the circumstances under which the plaintiff paid such sums were set forth in separate paragraphs of the petition, and as to each such item it was alleged that the defendant had promised to repay the plaintiff therefor, but had failed and refused to do so. The prayer was for judgment in the sum of $2,032.44 and for process.

The defendant demurred generally and specially to the original petition; the trial court sustained certain of the general and special demurrers but with leave to. amend, and the plaintiff

extensively amended the petition so as to allege facts as substantially outlined above. The defendant renewed her original demurrers and added numerous special grounds. The trial court entered an order sustaining the first and third grounds of the demurrer—which grounds were as follows: "She renews her demurrer to the petition as amended, and moves to dismiss the same upon the ground that said petition as amended does not cure the defect pointed out in the court's order dated May 20, 1952, sustaining defendant's general demurrer to the original petition"; and "She demurs to the petition as amended upon the ground that the same sets forth no cause of action against this defendant"—and dismissed the action. The remaining grounds of the renewed demurrer were expressly not passed upon.

Under the provisions of the Code, § 81-1001, as amended by the act of 1952 (Ga. L. 1952, pp. 243-245), we have for consideration in this case only the question of whether the petition as amended set forth a cause of action against the defendant. In its original order the trial court said: "It affirmatively appears in the petition that the alleged obligations sued upon were created during a time when the parties were married and living together. It further appears that defendant obtained an annulment from plaintiff. The court concludes that the basic right of parties in matters of this kind to recover, either at law or in equity, with respect to circumstances existing while the marriage was still of force and before a decree of annulment was effective, depends to a very great extent upon the circumstances surrounding the annulment and, of course, the origin of the marital relationship. In this connection, see . . . *Schmitt* v. *Schneider*, 109 *Ga.* 628. The court feels that it must affirmatively appear that the plaintiff was not a wrongdoer in the inception of the marital relationship."

From the wording of the final order sustaining the general demurrer and dismissing the action, it is clear that this thought persisted in the mind of the trial court and was the basis for the action taken. While an order or ruling of the trial court, if correct for any reason, will not be reversed merely because the court gives an erroneous reason for making the ruling, the ruling in this case was erroneous and must be reversed. The defendant in error relies on the principle thus stated by the

court. The wording of the order, and the reasons behind it, however, do not aid it. In the first place, the case cited is not in point. As was clearly shown in that case, there was no allegation of the creation of an express contract to repay any specific sum; but there is such an allegation in this case, and there is a clear intimation by the court there that, had such allegations been present together with a proper prayer for a money judgment, the judgment there would have been different. See the language contained in the paragraph on page 631 of 109 *Georgia*. In the instant case there is also a prayer for a money judgment.

Where, as in the instant case, the petition alleges an indebtedness owing to the plaintiff by the defendant, and the creation of that indebtedness by specific transactions and express promises of the defendant to repay the plaintiff the sums paid, the fact that the petition shows incidentally that a meretricious relationship also existed between the parties at the time the contracts were made, or that the plaintiff had or was perpetrating a fraud on the defendant in connection with some other matter, does not affect the right of the plaintiff to recover on an otherwise valid promise of the defendant. Code § 3-107. Whether such promises to repay were in fact made by the defendant, is a question of fact for a jury, and the trial court erred in sustaining the general demurrer. See *Wall* v. *Wall*, 15 *Ga. App.* 156 (2) (82 S. E. 791) ; *Edwards* v. *Smith*, 42 *Ga. App.* 730 (1) (157 S. E. 348). It does not appear as a matter of law that the items which were paid by the plaintiff and for which he claims the defendant promised to repay him were such as he was bound to pay on behalf of the defendant because of any relationship of husband and wife existing between the parties.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*